**STATE of Tennessee, Appellee,**

v.

**Michael A. LEWIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 12, 1995.

Jeffrey A. Devasher, Senior Assistant Public Defender, Michele S. Hall, Assistant Public Defender, and David M. Segel, Senior Assistant Public Defender, Nashville, for appellant.

Charles W. Burson, Attorney General and Reporter, Eugene J. Honea, Assistant Attorney General, Nashville, Victor S. Johnson, District Attorney General, and Roger D. Moore, Assistant District Attorney General, Nashville, for appellee.

## OPINION

WELLES, Judge.

The Defendant appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted of attempted especially aggravated robbery and felony murder.[1] He was sentenced to life imprisonment for the felony murder conviction and a concurrent sentence of twelve years for his attempted especially aggravated robbery conviction. We reverse the felony murder conviction and affirm the especially aggravated robbery.

The Defendant argues three issues in this appeal: (1) Whether there was sufficient evidence to convict him of felony murder and attempted especially aggravated robbery; (2) whether his conviction should be set aside on the grounds of fundamental unfairness because the State argued that he was criminally responsible for the actions of his severed co-defendant, and then tried the co-defendant on the theory that he alone was criminally responsible for the identical offenses, and in so doing, accredited the Defendant's exculpatory testimony as prosecution evidence; and (3) whether the trial court erred in failing to instruct the jury on the offense of facilitation of felony murder.

The victim of this crime had been celebrating his birthday the evening that the murder occurred. Around four o'clock in the morning, the victim was speaking to a female acquaintance on a pay phone in front of a car wash in South Nashville. The acquaintance testified that the victim said, "Man," and then the phone line went dead. The victim was found in his car with gunshot wounds to his stomach and to his head. He was able to drive a short distance after he was shot, and he ran into a telephone pole. He died from the gunshot wounds.

That evening, the Defendant and his co-defendant[2] were riding around South Nashville in the Defendant's car. They stopped to pick up the sister of the Defendant's girlfriend before returning to Franklin. They passed the victim on the phone at the car wash on their way to Franklin. The scenario put in evidence at the Defendant's trial is that the co-defendant got out of the car, attempted to rob the victim of his car, and when the victim refused, he shot the victim.[3]

### I.

The Defendant's first issue is that there was insufficient evidence to convict him of felony murder and attempted especially aggravated robbery. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." T.R.A.P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circum-

---

1. Tenn.Code Ann. § 39–13–403 & 39–13–202(a)(2).

2. The co-defendant was tried in a separate trial after the Defendant was tried. The jury in the co-defendant's case found him not guilty of all charges.

3. The Defendant was a witness for the State at the co-defendant's trial. At the co-defendant's trial, the co-defendant testified that the Defendant was the perpetrator of the crime. There was evidence presented by the co-defendant to impeach the State's witnesses.

stantial evidence. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn.Crim.App.1990).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State,* 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (Tenn.1956). This court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Herrod,* 754 S.W.2d 627, 632 (Tenn. Crim.App.1988).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas,* 754 S.W.2d 620, 623 (Tenn.Crim. App.1987). In *State v. Grace,* 493 S.W.2d 474 (Tenn.1973), the Tennessee Supreme Court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *Id.* at 476.

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, *id.,* the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record and the inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. *Matthews,* 805 S.W.2d at 780.

Felony murder is "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy." Tenn.Code Ann. § 39-13-202(a)(2). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn.Code Ann. § 39-13-401. Especially aggravated robbery is when a robbery is "(1) Accomplished with a deadly weapon; and (2) Where the victim suffers serious bodily injury." Tenn.Code Ann. § 39-13-403(a)(1)-(2). Attempt is when an individual "acting with the kind of culpability otherwise required for the offense: [a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." Tenn.Code Ann. § 39-12-101(a)(3). The Defendant's conviction was based on his criminal responsibility for the conduct of his co-defendant. A person is criminally responsible for the conduct of another when the person "acting with the intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids or attempts to aid another person to commit the offense." Tenn.Code Ann. § 39-11-402(2).

The State put on several witnesses at trial. The Defendant did not present any witnesses. The only witness to testify concerning the identity of the perpetrator was the sister of the Defendant's girlfriend. The Defendant and his co-defendant picked her up to take her to Franklin immediately before the incident occurred. She described the events which led up to the incident. She stated that she was sitting outside when she saw the Defendant drive by in his car. She yelled to him, and he stopped. She asked him to take her to Franklin, and he said he would. The co-defendant was sitting on the passenger side in the front seat with the Defendant. The witness got in the back seat of the car. She testified that on the way to Franklin they passed a car wash. She said that a man in a car was talking on the pay phone in front of the car wash.

She testified that the co-defendant said that he wanted to "take dude's car." She said that the co-defendant told the Defendant to pull over and asked the Defendant to give

him the gun. She stated that the Defendant did not say anything when the co-defendant asked for the gun. She testified that she did not see the exchange of the gun. When the co-defendant got out of the car she saw that he had a handgun. She said that they pulled over and let the co-defendant out of the car about half a block up the street from the car wash. She stated that after they let the co-defendant out of the car, they turned around and drove up next to the co-defendant while he was walking. The witness said that the Defendant told the co-defendant to get back in the car, but the co-defendant kept on walking. She said that when the co-defendant would not get back in the car, they went and parked behind the car wash.

The witness stated that after the co-defendant got out of the car, she asked the Defendant to let her out of the car, but he would not stop to let her out. She testified that when he would not stop, she climbed into the front seat of the car. When asked why she did not get out of the car when they parked behind the car wash, she said that she was scared to get out of the car because of the gunfire. The witness said that after they heard some shots, the co-defendant ran to the car and got in the back seat.

She testified that the co-defendant said that he "just took dude out," meaning that he killed him. She said that they circled back around the car wash and she saw the car, but did not see the victim in the car. She said that the back window had been shot out. The witness testified that they then drove to Franklin. She said that during the drive, the co-defendant threatened to kill her several times and pointed the gun at her from the back seat. She stated that he stopped because the Defendant took the gun away from him.

She said that when they got to her sister's house they went their separate ways. She said that she did not tell the police what happened. She stated that the reason she did not tell the police was because she was scared, but that she was not scared anymore.

In the light most favorable to the State, the Defendant drove the co-defendant to the place where the victim was, provided him with a gun, waited on him, and then drove him away from the scene of the crime.

We conclude that there is sufficient evidence for a rational trier of fact to find the Defendant guilty of felony murder and attempted especially aggravated robbery. Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn.Crim.App.1987). The jury decided from the evidence presented that the Defendant "act[ed] with intent to promote or assist the commission of the offense," and aided the co-defendant in committing attempted especially aggravated robbery and felony murder. Tenn.Code Ann. § 39–11–402(2).

Therefore, this issue has no merit.

## II.

The Defendant's second issue is that his conviction should be set aside on grounds of fundamental unfairness because the State obtained the convictions against him by arguing that he was criminally responsible for the actions of his severed co-defendant, then tried the co-defendant on the theory that the co-defendant alone was responsible for the identical offenses, and in so doing, accredited the Defendant's exculpatory testimony as prosecution evidence. The co-defendant was acquitted of all charges at the end of his trial. The Defendant argues that if the State and the trial court believed the testimony that the Defendant gave at his co-defendant's trial they should have set aside his convictions because the two theories cannot co-exist. We disagree. The jury obviously did not credit the Defendant's testimony at his co-defendant's trial.

The Defendant testified at the co-defendant's trial to substantially the same story that the female witness testified to in the Defendant's trial. The Defendant contends that the State argued at the Defendant's trial that the Defendant supplied the gun to the co-defendant, and therefore, the jury convicted the Defendant. He also contends that his own testimony at the co-defendant's trial was exculpatory to himself because he testified

that the co-defendant brought the gun. At the Defendant's trial, the female witness testified that she did not see the Defendant give the co-defendant a gun. She testified that she did not know where the co-defendant got the gun. Her story at the Defendant's trial, as well as the co-defendant's trial, and his story at the co-defendant's trial reveal the same occurrences before the incident.

We do not find that the two theories the State used to convict the Defendant and to prosecute the co-defendant are mutually exclusive. The Defendant's testimony was not substantially different from the evidence heard at his own trial. The Defendant was not convicted on the grounds that he was the "triggerman." He was convicted through his criminal responsibility for the actions of the co-defendant. As stated above, we have concluded that there was sufficient evidence introduced at the Defendant's trial for the jury to conclude that the Defendant was guilty beyond a reasonable doubt. We cannot conclude that the Defendant's conviction was fundamentally unfair.

█ We also point out that the Defendant's conviction was not fundamentally unfair just because the co-defendant was acquitted. When a person's criminal responsibility is based upon the conduct of another, it is no defense that the person for whose conduct the Defendant is criminally responsible has been acquitted or not even prosecuted. Tenn.Code Ann. § 39–11–407(2).

Therefore, this issue is without merit.

### III.

The Defendant's third issue is that the trial court erred in denying the Defendant's request for a jury instruction on the offense of facilitation of felony murder. This charge would have been a lesser included offense of first degree felony murder. The trial court did charge facilitation of attempted especially aggravated robbery as a lesser included offense and facilitation of attempted aggravated robbery as a lesser included offense.

Facilitation of a felony occurs when an individual, "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39–11–402(2), ... knowingly furnishes substantial assistance in the commission of the felony." Tenn.Code Ann. § 39–11–403. The intent required for criminal responsibility under Tennessee Code Annotated section 39–11–402(2) is "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense." Felony murder is "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, or aircraft piracy." Tenn.Code Ann. § 39–13–202(2).

█ The State argues that facilitation of felony murder is not a lesser included offense because there is no such crime. The State argues that one cannot be guilty of facilitation of felony murder because the statute calls for the facilitator to know of the perpetrator's intent to commit a specific felony, and felony murder is not an intentional crime. However, if one can be criminally responsible for the conduct of another in committing felony murder then one may be guilty of facilitation of felony murder. We must conclude that virtually every time one is charged with a felony by way of *criminal responsibility* for the conduct of another, *facilitation* of the felony would be a lesser included offense.

In the case *sub judice*, the criminal responsibility of the Defendant was based on the subsection of the statute which defines intent as, "[a]cting with intent to promote or assist the commission of the offense, *or to benefit in the proceeds or results of the offense*, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn.Code Ann. § 39–11–402(2). If the State's argument is correct, then the Defendant could not even be guilty of felony murder based on criminal responsibility for the conduct of another because one cannot act with intent to promote or assist the commission of felony murder if it is an unintentional crime. However, we conclude that one can be guilty of felony murder based on that person's criminal responsibility for the conduct of another person.

Therefore, if a person can be guilty of felony murder because that person is responsible for the conduct of another, then that person could be guilty of facilitation of felony murder because the two statutes deal with criminal responsibility. The only difference between the two is that criminal responsibility for facilitation is a lesser degree than that for criminal responsibility for the crime itself based on the conduct of another. This theory of a lesser degree of criminal responsibility is explained in the Sentencing Commission Comments accompanying Tennessee Code Annotated section 39–11–403:

> This section recognizes a lesser degree of criminal responsibility than that of a party under § 39–11–401. The section states a theory of vicarious responsibility because it applies to a person who facilitates criminal conduct of another by knowingly furnishing substantial assistance to the perpetrator of a felony, but who lacks the intent to promote or assist in, or benefit from, the felony's commission.

We conclude that knowledge of the specific felony required under Tennessee Code Annotated section 39–11–403 is met in a felony murder prosecution not by knowledge of the felony murder, but by the knowledge that the other person was going to commit the underlying felony. In the case *sub judice,* the Defendant could be guilty of facilitation of felony murder because he knew his co-defendant was planning on committing a robbery, which is the underlying felony of the felony murder.

Having concluded that there is such a crime as facilitation of felony murder, we now turn to whether facilitation of felony murder should have been charged as a lesser included offense of felony murder.

■ Tennessee Code Annotated section 40–18–110(a) requires trial judges to charge the jury on lesser included offenses charged in the indictment whether requested to do so or not. *See Howard v. State,* 578 S.W.2d 83, 85 (Tenn.1979). Failure to instruct on a lesser included offense denies a defendant his constitutional right to trial by jury. *State v.*

*Wright,* 618 S.W.2d 310, 315 (Tenn.Crim.App. 1981).[4]

■ We are mindful of the cases which hold that a trial court does not commit reversible error in failing to instruct the jury on lesser included offenses when the record clearly shows that the defendant is guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense. *Whitwell v. State,* 520 S.W.2d 338 (Tenn.1975); *see State v. Boyd,* 797 S.W.2d 589 (Tenn.1990), *cert. denied,* 498 U.S. 1074, 111 S.Ct. 800, 112 L.Ed.2d 861 (1991); *State v. Mellons,* 557 S.W.2d 497 (Tenn.1977); *Carmon v. State,* 512 S.W.2d 595 (Tenn.Crim.App.1974). However, when there is any evidence upon which reasonable minds could convict the defendant of a particular lesser included offense, the trial court commits reversible error if it fails to instruct regarding that offense. *Johnson v. State,* 531 S.W.2d 558, 559 (Tenn.1975); *see State v. Atkins,* 681 S.W.2d 571, 577 (Tenn.Crim.App. 1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985).

■ We have already concluded that there is sufficient evidence to convict the Defendant of felony murder and attempted especially aggravated robbery. We now conclude that there is evidence upon which reasonable minds could convict the Defendant of the lesser included offense of facilitation of felony murder. A jury could believe that the Defendant was not criminally responsible for the felony murder, but was guilty of the lesser charge of facilitation of felony murder. For this reason, we conclude that the trial court committed error by not charging the jury with facilitation of felony murder.

■ The Defendant argues that his conviction of attempted especially aggravated robbery must also be reversed because "the trial court confused and misled the jury by permitting them to find that the Defendant facilitated the robbery, but not allowing them to find that the Defendant facilitated the killing resulting from the robbery." We dis-

---

**4.** Rather than analyze this issue in detail, we rely on the discussion and analysis of this issue by Judge Joe Duncan in *State v. Wright,* 618 S.W.2d

310, 315–17 (Tenn.Crim.App.1981); *see Raybin, Tennessee Criminal Practice and Procedure* § 30.70 (1985).

agree and conclude that the trial court's failure to instruct the jury on the offense of facilitation of felony murder in no way prejudiced the Defendant's right to a fair trial on the charge of attempted especially aggravated robbery.

■ Double jeopardy principles do not preclude separate convictions and punishments for felony murder and the underlying felony. *State v. Blackburn,* 694 S.W.2d 934 (Tenn.1985). Here, the trial judge correctly instructed the jury that the crime charged in each count of the indictment is separate and distinct. She instructed the jury to decide each charge separately on the evidence and the law applicable to it. She properly charged the jury that the Defendant might be found guilty or not guilty of any or all of the offenses charged. *See Wiggins v. State,* 498 S.W.2d 92 (Tenn.1973); *State v. Gennoe,* 851 S.W.2d 833 (Tenn.Crim.App.1992).

Therefore, we conclude that the trial judge's failure to instruct the jury on the lesser included offense of facilitation of felony murder does not necessitate a reversal of the Defendant's conviction of attempted especially aggravated robbery. This issue is without merit.

The Defendant's conviction of felony murder is reversed and that case is remanded for a new trial. The Defendant's conviction of attempted especially aggravated robbery is affirmed.

WADE and PEAY, JJ., concur.