IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**April 29, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Appellee,** | ) | **C.C.A. No. 03C01-9709-CC-00391** |
| | ) | |
| vs. | ) | **Jefferson County** |
| | ) | |
| **WARREN TYRONE FOWLER,** | ) | Honorable Rex Henry Ogle |
| | ) | |
| **Appellant.** | ) | (Aggravated Assault; Evading |
| | ) | Arrest; Vandalism) |
| | ) | |

FOR THE APPELLANT:

EDWARD C. MILLER
P.O. Box 416
Dandridge, TN 37725-0416

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES L. GASS
Assistant Dist. Attorney General
P.O. Box 70
Dandridge, TN 37725-0070

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT, JUDGE

## OPINION

A Jefferson County Circuit Court jury convicted the defendant, Warren Tyrone Fowler, of felony vandalism, two counts of aggravated assault, and felony evading arrest. He appeals these convictions pursuant to Tennessee Rule of Appellate Procedure 3. On appeal, he claims (1) the evidence is insufficient to convict him of any of the offenses and (2) the trial court erred in failing to instruct the jury on the lesser included offense of facilitation of each of the felony offenses. After hearing the parties' arguments and reviewing the record, the briefs, and the applicable law, we affirm the trial court's judgment.

The convictions resulted from the August 19, 1996 conduct of James Benton, an acquaintance of the defendant. On that date, Benton, the defendant, and two other individuals traveled in two vehicles from Knoxville to Morristown in Hamblen County. The vehicle in which the defendant rode, a blue van, had been stolen. According to his pretrial statement, he discovered the van was stolen after he got into the vehicle with Benton in Knoxville; however, according to Benton's testimony, the defendant and a juvenile brought the stolen van to Benton. The group attempted to burglarize or steal a vehicle parked in Morristown but were chased away by a woman who discovered their crime in progress. The Hamblen County Sheriff's Office was alerted that the occupants of a blue van and a white van had attempted to burglarize or steal a car, and Officer Terry Costner saw the two vans at a gas station on Highway 11-E. He followed the vans and activated his lights and siren. The vans did not stop but led the officer on a chase toward the airport. The white van ran into a nearby subdivision, but Officer Costner pursued the blue van, which was driven by Benton and carried the defendant as a front-seat passenger, onto the airport property, up and down a ramp or runway and around parked airplanes. From the airport, Costner pursued the blue van into a subdivision where the van eluded a Morristown Police Department roadblock by running across lawns. The officer followed the van as it entered and drove down the wrong side of the divided, four-lane Highway 11-E. The chase approached speeds of 100 miles

per hour and proceeded into Jefferson City in Jefferson County. The blue van traveled at approximately 80 miles per hour through city traffic and ran upon a sidewalk at one point. The van with Officer Costner in pursuit proceeded to New Market where a Jefferson County officer tried to stop it. The van rammed the officer's car and caused it to spin out of control into the grass. A mile further down the road, a second Jefferson County officer, Deputy Peoples, tried to intercept the van, but the van ran into the side of Peoples' patrol car three times and pushed it off the road, where it crashed into a utility pole. The van then traveled to the "zinc mines" with Officer Costner still in pursuit. At the mines, the van stopped long enough for Costner to conclude that the chase was over. He stopped his vehicle and shifted it into "park." However, as another police car arrived, the van resumed its flight, and it again traveled up Highway 11-E on the wrong side of the road. Costner caught the van, and as it began to turn into his patrol car, he fired a shot at the front tire. The tire went down, the van ran into a ditch and stopped, and Benton and the defendant were apprehended. The offenses of aggravated assault were based upon the vehicle assaults against the two Jefferson County officers, and the vandalism charge stemmed from the substantial damage done to the patrol car driven by Officer Peoples.[1]

The evidence in the case included judgments from the Circuit Court in Hamblen County which reflected that the defendant had been convicted in that county for felony theft, attempt to commit felony theft, and burglary of an automobile. These convictions, which resulted from the defendant's guilty pleas, were based upon the defendant's criminal activity that occurred in Hamblen County just prior to the automobile chase on August 19, 1996.

**I.**

---

[1]The parties stipulated that the damage to the patrol car driven by Officer Peoples was between $1,000 and $10,000.

The defendant first challenges the sufficiency of the convicting evidence whereby he was held responsible for the criminal acts of James Benton. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Id. at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the state."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the insufficiency of the

4

evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Id. at 914.

Aggravated assault of which the defendant was convicted is a knowing assault committed by using or displaying a deadly weapon. Tenn. Code Ann. § 39-13-102 (a)(1)(B) (1997).

Felony vandalism is "knowingly caus[ing] damage to or the destruction of any real or personal property of another or of . . . any county." Tenn. Code Ann. § 39-14-408(a) (1991). When the damage or destruction amounts to loss between $1,000 and $10,000, the offense is a Class D felony. Tenn. Code Ann. §§ 39-14-105(3) (1991).

Felony evading arrest is, "while operating a motor vehicle . . . to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop." Tenn. Code Ann. § 39-16-603(b)(1) (1997).

Under the 1989 Criminal Code, an individual may be held criminally liable for his own illegal acts or the illegal acts of another person. Tenn. Code Ann. § 39-11-401 (1997). The theory of liability based upon criminal responsibility for the conduct of another provides for criminal liability of a defendant for an offense committed by another person where, inter alia, the defendant "[a]cting with intent to promote or assist in the commission of the offense, or to benefit in the proceeds or results of the offense, . . . solicits, directs, aids or attempts to aid another person to commit the offense[.]" Tenn. Code Ann. § 39-11-402(2) (1997).

The sufficiency issue is resolved by our supreme court's decision in State v. Carson, 950 S.W.2d 951 (Tenn. 1997). In Carson the court held that

5

criminal responsibility for the acts of another under Code section 39-11-402(2) embraces the common law concept that when one is a complicitor in criminal activity, he or she is "also guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof." Carson, 950 S.W.2d at 954 (quoting Key v. State, 563 S.W.2d 184, 186 (Tenn. 1978)).  In the present case, the defendant pleaded guilty to three offenses that occurred immediately prior to the activity in Jefferson County which is the basis for the convictions now under review.  The progression from the first set of criminal acts to the second was unattenuated and the latter set occurred in pursuit of the common purpose, if not as the natural or probable consequence, of the former. State v. Donald C. Lee, No. 03C01-9607-CR-00277, slip op. at 4 (Tenn. Crim. App., Knoxville, May 28, 1997) (proof of felony murder sufficient where police spotted robber 25 minutes after robbery and gave chase during which homicide occurred, the court finding that the robber had not "reached a place of temporary safety" and that "flight is an integral part of the crime"), perm. app. denied (Tenn. 1998).  In the present case, criminal liability under section 39-11-402(2) has been established by the proof, based on Carson.

## II.

The defendant's second issue is also controlled by Carson; however, the resolution of that issue is more complex.

The defendant asks us to find reversible error in the trial court's failure to instruct the jury as to the lesser included offense of facilitation of each of the charged offenses.  Tennessee Code Annotated section 39-11-403(a) provides

> A person is criminally responsible for the facilitation of a felony if, knowing that another person intends to commit a felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony.

Tenn. Code Ann. § 39-11-403(a) (1997).  The Sentencing Commission commented

6

"This section recognizes a lesser degree of criminal responsibility than that of a party under § 39-11-401." It criminalizes conduct by one who "lacks the intent to promote or assist in, or benefit from, the felony's commission." Tenn. Code Ann. § 39-11-403, Sentencing Comm'n Comments (1997). Criminal responsibility for the act of another under Code section 39-11-402(2) is the same grade offense as the underlying crime, while facilitation assumes the grade next below that of the underlying crime. Compare Tenn. Code Ann. § 39-11-402 (1997) with Tenn. Code Ann. § 39-11-403 (1997).

When an offense is based upon criminal responsibility under Code section 39-11-402(2), facilitation as defined by section 39-11-403 has been held to be a lesser offense included within the felony with which the defendant is charged. State v. Lewis, 919 S.W.2d 62, 67 (Tenn. Crim. App. 1995).

Tennessee Code Annotated section 40-18-110(a) provides that trial judges must charge juries with all lesser grades or classes of an offense supported by the evidence, without any request on the part of the defendant to do so. See also State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996); State v. Harbison, 704 S.W.2d 314, 319 (Tenn.1986). Failure to charge such lesser offense(s) denies a defendant his constitutional right to trial by a jury if there are any facts "susceptible of inferring guilt on any lesser included offense or offenses". State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981). This requirement is avoided only when the record is devoid of evidence to support an inference of guilt of the lesser offense. State v. Stephenson, 878 S.W.2d 530 (Tenn. 1994).

When the basis of the charged conduct was Code section 39-11-402(2), this court has reached different results in determining whether a trial court should have instructed the jury on facilitation. In Lewis, this court cited error in the trial court's failure to instruct on facilitation in a felony murder prosecution predicated on section 39-11-402(2). We commented that "virtually every time one is charged

7

with a felony by way of *criminal responsibility* for the conduct of another, *facilitation* of the felony should be a lesser included offense." Lewis, 919 S.W.2d at 67 (italics in original). The felony murder in Lewis was not preceded by criminal activity which involved Lewis, and Lewis was not present when the murder occurred. This last factor was used by another panel of this court to distinguish Lewis. State v. Utley, 928 S.W.2d 448 (Tenn. Crim. App. 1996). In Utley, the defendant was present during a restaurant robbery when one of his accomplices killed a restaurant employee. Utley, 928 S.W.2d at 450. All of the evidence pointed to Utley's intentional involvement under Code section 39-11-402(2), and the court found no question of fact, as there was in Lewis, about "whether the defendant desired to be involved." Id. at 452.

In essence, there was no evidence of Utley's mere facilitation. See State v. Michael Tyrone Gordon, No. 01C01-9605-CR-00213, slip op. at 9 (Tenn. Crim. App., Nashville, Sept. 18, 1997). In other cases, the record showed "all or nothing" evidence. The state's proof would strongly implicate the accused under section 39-11-402(2), but the defendant denied knowing about the criminal activity afoot. In these cases, this court found no basis for requiring the facilitation charge. See e.g., State v. Julius E. Parks, No. 02C01-9606-CR-00188, slip op. at 14-15 (Tenn. Crim. App., Jackson, Apr. 23, 1997); State v. Brenda Anne Burns, No. 02C01-9605-CC-00184, slip op. at 9-10 (Tenn. Crim. App., Jackson, Oct. 9, 1997), pet. perm. app. filed (Tenn. Dec. 10, 1997); State v. Spadafina, No. 02C01-9601-CC-00001, slip op. at 14 (Tenn. Crim. App., Jackson, Dec. 31, 1996); State v. Gary D. Hendricks, No. 01C01-9203-CR-00044, slip op. at 7-8 (Tenn. Crim. App., Nashville, Dec. 3, 1992), perm. app. denied (Tenn. 1993).

None of these cases rejected Lewis out of hand, and in Gordon, a panel of this court followed Lewis and found error in the trial court's failure to instruct the jury as to facilitation in a section 39-11-402(2) case. Gordon was involved in a "drug buy" when his companion robbed and killed the dealer. This court found that

the proof gave "rise to the possibility of several levels" of Gordon's involvement, so that "the jury could possibly convict . . . of the lesser included offense of facilitation of the felony." Michael Tyrone Gordon, slip op. at 9.

In the above cases, facilitation was treated as a lesser included offense of the proscribed felony when the theory of offending was based on section 39-11-402(2) and when the proof revealed a factual basis for finding the defendant guilty of facilitation. However, in our view, Carson mandates an Utley result whenever (1) there is concert of action where two or more persons join in a purpose to commit a threshold crime; (2) the accused, though not the principal perpetrator of the charged offense, is "actually or constructively present" during the commission of the intended, threshold crime; and (3) the ensuing crime, being the charged offense, is committed either "in pursuance of the common purpose, or as a natural and probable consequence thereof." Carson, 950 S.W.2d at 954 (quoting Key, 563 S.W.2d at 186). Not only does the pursuit of a common purpose or the natural and probable consequences of the threshold crime establish sufficiency of the evidence to support a section 39-11-402(2) conviction of the ensuing crime, but the legal cause-and-effect imposed by Carson also ascribes to the offender culpability as a matter of law. In Carson, the high court did not examine Carson's intent or knowledge as to the assaults that occurred in the aftermath of the robbery; it examined only the culpability of Carson in carrying out the robbery itself. Finding that Carson "solicited and aided" in the robbery, the court needed only to find that the assaults were committed in furtherance, or were the natural and probable consequences, of the robbery, and the court found both. Carson, 950 S.W.2d at 956. The logical extension of Carson is that aiders and abettors "'shall be deemed principal offenders and punished as such'" and that they not enjoy the largess of a lesser included offense. Carson, 950 S.W.2d at 956. In essence, under Carson, facilitation is not a lesser included offense of the charged section 39-11-402(2) offense when the commission of the charged offense is preceded by concerted criminal activity and is either in furtherance of the original common purpose or a

9

natural and probable consequence thereof.

We observe that this result is in harmony with both Lewis and Michael Tyrone Gordon. In Lewis, there was no threshold criminal activity, and Lewis was not present during the attempted robbery. The common-purpose, natural-and-probable-consequence rule was simply not applicable. In Michael Tyrone Gordon, the defense proof, at least, showed that (1) there was no concerted criminal activity preceding the robbery and homicide[2] and (2), even if there were, the robbery and homicide were neither in furtherance of a common purpose nor the natural and probable consequences of Gordon's earlier drug purchase. Although Michael Tyrone Gordon is a closer case, Carson would not require a different result in either that case or Lewis.

Furthermore, we observe that, were Carson not applicable to the present case (had the defendant not committed the threshold felonies in Morristown), Lewis - Michael Tyrone Gordon might well require a reversal of his convictions. In Lewis, "reasonable minds [could] conclude that the defendant lacked the intent to promote or assist in, or benefit from, the [underlying] felony's commission." Utley, 928 S.W.2d at 452 (commenting on the facts presented in Lewis) (first insertion added; second insertion in original). Under Lewis, the facts concerning the defendant's involvement in the charged offenses in the present case are also amenable to finding that the defendant lacked section 39-11-402(2) culpability. The proof demonstrates that the defendant was in the vehicle when the chase began and was captive in the vehicle and had no opportunity to exit until after all of the offenses had been committed. Under this proof of his factual culpability for committing the vandalism, evading arrest, and the assaults, Lewis would have applied. However, by virtue of the threshold crimes committed in Hamblen County, Carson eliminates the factual analysis and inserts a legal culpability for the ensuing

---

[2]In Michael Tyrone Gordon, the proof showed that Gordon and his companion were making separate purchases of drugs. Gordon purchased his drugs first with his own funds, and the companion, ostensibly at least, undertook his purchase afterward.

10

crimes committed in Jefferson County.

Therefore, based upon <u>Carson</u>, there was sufficient evidence to support the defendant's convictions, and the trial court did not err in failing to instruct the jury as to facilitation of a felony.  The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
WILLIAM M. BARKER, Judge