# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
April 1, 2003 Session

## STATE OF TENNESSEE v. THOMAS MITCHELL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-00161     Chris Craft, Judge**

---

**No. W2002-01781-CCA-R3-CD  - Filed August 13, 2003**

---

Defendant, Thomas Mitchell, was indicted by the Shelby County Grand Jury for burglary of a building other than a habitation, a Class D felony. Following a jury trial, Defendant was convicted as charged and sentenced as a persistent offender to ten years and six months confinement. In this appeal as of right, Defendant presents a single issue, whether the trial court erred in failing to instruct the jury on the lesser-included offense of facilitation. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Robert Wilson Jones, District Public Defender; W. Mark Ward, Assistant Public Defender; and Russell White, Assistant Public Defender, for the appellant, Thomas Mitchell.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; Alonda Dwyer, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

**Facts**

On August 23, 2001, Robert Beeson, the owner of Metro Machinery in Memphis, noticed an open shipping container that was supposed to be closed and locked. Upon closer inspection, he discovered a piece of metal lying beside the storage container. It appeared that the metal bar had been used to pry open the hasp. The lock on the container was still intact, but the hasp had been broken off. Several items were missing from inside the container. Mr. Beeson and Leslie Beavers, an employee, looked around and found another twenty-foot storage unit that also appeared to have been broken into. Mr. Beavers testified that he had stored several articles of clothing and other

personal possessions inside the unit, and many of those items were missing. Two small locks were missing from the door of the storage container. Mr. Beavers also testified that he had positioned a six-foot square scrap container, weighing between 600 and 700 pounds, in front of the storage container using a forklift. The scrap container had been moved. Mr. Beeson testified on direct examination that one person probably could not have moved it alone. He testified on cross-examination, however, that "a long two-by-four or four-by-four [was] wedged in the end of it, so one person just as a pry point or a fulcrum point could have moved it I would assume." Mr. Beavers testified that he had seen both containers the previous day, and they were both closed and locked. Mr. Beavers and Mr. Beeson also discovered a forty-foot container attached to the back of the building that had been broken into. The unit had contained maintenance supplies and heavy equipment.

Mr. Beeson and Mr. Beavers walked the perimeter of the fence to locate where someone had entered. They found "a large gaping hole" where the fence had been "peeled back." On the other side of the fence was a concrete drainage ditch. They walked down into the ditch and Mr. Beeson noticed a box inside the concrete culvert. They discovered two or three boxes of items that had been taken from one of the storage containers. They walked further down the ditch and found several more items. They found Defendant lying near those items on the ground under a railroad trestle. Defendant appeared to be asleep. Mr. Beeson instructed Mr. Beavers to retrieve a gun from the office and to call 911. Mr. Beavers returned with the gun and handed it to Mr. Beeson. Mr. Beeson testified that he did not point the gun at Defendant. Mr. Beeson warned Defendant that the police had been called and told him not to move. Defendant "kept fidgeting around and hollering he didn't do it, and he didn't do it, and he could tell us who else was involved." Mr. Beeson testified that Defendant told him and Mr. Beavers that two other people had committed the offense. Mr. Beeson attempted to hand the gun to Mr. Beavers, and Defendant "jumped for the gun and grabbed the gun, grabbed at the gun so all three of us had a hold of the gun." The gun fired once while all three men were wrestling on the ground for control of the weapon.

Officer Delbert Polk of the Memphis Police Department testified that he and Officer A. Sanders responded to the call. When they arrived at the area behind the business, they found three individuals lying on the ground, struggling for control of a weapon. Officer Polk gained possession of the gun, and restrained Defendant using handcuffs. Officer Polk patted down Defendant and found a small padlock in his right front pocket. Mr. Beavers found a similar lock lying on the ground near Defendant. Mr. Beavers recognized that lock as having come from one of the containers that was broken into. Mr. Beavers used his keys to open the lock. Defendant was also wearing a shirt that belonged to Mr. Beavers.

On cross-examination, Mr. Beeson testified that he did not regularly check the locks on all of the containers, and he did not remember the last time that the containers were checked prior to the incident on August 23, 2001. In a statement that he made to the police, Mr. Beeson did not tell the police that Defendant had denied committing the offense, but had admitted that he knew who did it. Mr. Beeson also testified that some of the property that was stolen had not been recovered.

**Facilitation**

At the conclusion of all the proof, the trial court instructed the jury on the offenses of burglary, the offense charged in the indictment, and criminal trespass as a lesser-included offense of burglary. Defendant contends that the trial court erred by failing to instruct the jury on the offense of facilitation of a felony.

A trial court must instruct the jury on all lesser-included offenses, so long as the evidence introduced at trial is legally sufficient to support a conviction for the lesser-included offense. Tenn. Code Ann. § 40-18-110 (Supp. 2002); *see also State v. Burns*, 6 S.W.3d 453, 469 (Tenn. 1999). A trial court "must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense." *State v. Allen*, 69 S.W.3d 181, 188 (Tenn. 2002). Under the analysis stated in *Allen*, 69 S.W.3d at 187, three questions must be addressed in order to determine whether a lesser-included offense instruction was merited: "(1) whether an offense is a lesser-included offense; (2) whether the evidence supports a lesser-included offense instruction; and (3) whether an instructional error is harmless."

The State concedes that facilitation is a part (c) lesser-included offense under the test established in *State v. Burns*, 6 S.W.3d at 467. The trial court also found that the evidence fairly raised the issue of criminal responsibility and properly instructed the jury as to criminal responsibility. A person is criminally responsible for the conduct of another if, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2) (1997). Our supreme court has held that "virtually every time one is charged with a felony by way of criminal responsibility for the conduct of another, facilitation of the felony would be a lesser-included offense." *Burns*, 6 S.W.3d at 470 (quoting *State v. Lewis*, 919 S.W.2d 62, 67 (Tenn. Crim. App. 1995)); *see State v. Fowler*, 23 S.W.3d 285, 288 (Tenn. 2000).

The determinative issue is whether the evidence at trial supported an instruction on facilitation. *Allen*, 69 S.W.3d at 188. In *Burns*, the Tennessee Supreme Court articulated a two-step analysis for determining whether an instruction on a lesser-included offense is supported by the evidence. First, courts must determine if any evidence exists that "reasonable minds could accept as to the lesser-included offense. Second, we must determine if the evidence when viewed liberally in the light most favorable to the existence of the lesser-included offense, is legally sufficient to support a conviction for the lesser-included offense." *State v. Richmond*, 90 S.W.3d 648, 660 (Tenn. 2002) (citing *Burns*, 6 S.W.3d at 469).

Facilitation of a felony is established by proof that "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in commission of the felony." Tenn. Code Ann. § 39-11-403 (1997).

-3-

Defendant argues that the proof at trial was sufficient to support the inference that other actors were involved in the burglary. Indeed, reasonable minds could have concluded that Defendant did not act alone. There is circumstantial evidence in the record to support the inference that more than one person committed the offense. Mr. Beavers testified that a dumpster, weighing between 600 and 700 pounds, had been moved from in front of one of the storage containers. Mr. Beavers had previously positioned the dumpster in front of the storage unit using a forklift. Also, several items that were missing from the storage units were not recovered. When confronted by Mr. Beeson and Mr. Beavers, Defendant denied his involvement, stating that he knew the two people who had committed the offense.

In denying Defendant's motion for new trial, the trial court found that "there is just not any proof in the record of anything [Defendant] did to facilitate the burglary. . . ." The proof at trial showed that Defendant was discovered lying on the ground near the broken area of the fence that surrounded Metro Machinery. He was surrounded by items that had been taken from the two storage containers. When confronted by Mr. Beeson and Mr. Beavers, Defendant admitted his knowledge that an offense had been committed and offered to identify the persons who committed the offense. A reasonable mind could conclude from that statement that Defendant participated in the offense. Moreover, Defendant was wearing a t-shirt that belonged to Mr. Beavers. A lock that had been removed from one of the containers was found in Defendant's front pocket. A jury could reasonably have concluded, as it did by returning its verdict, that Defendant intended to benefit from the offense by taking the property. *See State v. Fleming*, 19 S.W.3d 195, 199-200 (Tenn. 2000).

There is proof in the record to support a facilitation charge. We conclude, however, that the trial court's failure to so instruct was harmless error beyond a reasonable doubt. "An erroneous failure to give a lesser-included offense instruction will result in reversal unless a reviewing court concludes beyond a reasonable doubt that the error did not affect the outcome of the trial." *Allen*, 69 S.W.3d at 189. In determining whether an error was harmless, "a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." *Id*. at 191. It is clear from the record that Defendant did more than provide substantial assistance. The evidence shows that Defendant participated in the offense and benefitted from his participation in the offense. As summarized above, Defendant was found among the items taken and was in actual possession of a lock and a shirt removed from one of the containers. We therefore conclude that the trial court's failure to charge the jury with facilitation was harmless beyond a reasonable doubt.

### CONCLUSION

The trial court erred by failing to instruct the jury on the lesser-included offense of facilitation of burglary. However, the error was harmless beyond a reasonable doubt. The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-