IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 2, 2004 Session

## STATE OF TENNESSEE v. ROBERT PAGE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-09509     W. Fred Axley, Judge**

---

**No. W2003-01342-CCA-R3-CD  - Filed August 26, 2004**

---

Hayes, David G., Judge, concurring in part; dissenting in part

I am unable to join with the majority in concluding that the waiver provision of Tennessee Code Annotated section 40-18-110 is unconstitutional.  Because the Defendant did not request that the jury be instructed as to facilitation, he has waived his right to challenge this issue on appeal. Accordingly, I would affirm the conviction.

The majority's position is thorough and ably presented.  In one of the many referenced cases in support of its position, the majority cites *People v. Barton,* 906 P.2d 531 (Cal. 1995), for the authority that "neither the prosecution nor the defense should be allowed, based on then trial strategy, to preclude the jury from considering guilt of a lesser offense included in the crime charged." *Id.* at 536.  It should be noted, however, that in California there is no absolute right to a lesser included instruction, the procedural rule being that an instruction is required "on lesser included offenses 'when the evidence raises a question as to whether all of the elements of the charged offenses were present, *but not when there is no evidence that the offense was less than that charged*.'" *Id.* at 535 (citing *People v. Sedono*, 518 P.2d 913, 921 (Cal. 1974) (emphasis added).  For illustration purposes, the *Barton* court noted that:

> [a] trial court need not, however, instruct on lesser included offenses when the evidence shows that the defendant is either guilty of the crime charged or not guilty of any crime (for example, when the only issue at trial is the defendant's identity as the perpetrator).  Because in such a case there is no evidence that the offense was less than that charged[.]

*Id.* at 536 n.5.  Indeed, this identical principle of lesser included jurisprudence has been repeatedly expressed and affirmed by our supreme court for over one hundred years.  In *Good v. State*, 69 Tenn. 293 (Tenn. 1878), our supreme court in construing the 1877 statute, which imposed upon the trial court the duty to instruct on lesser included offenses without a request to do so wrote:

> This is a wise statute made for the protection of the accused in all cases in which the facts may demand its application.  Its purpose is to secure to the defendant

the benefit of all the law applicable to the facts of his case, without any request on his part. It was not intended, however, to call from the court a charge upon hypothetical questions not suggested by proof.

When it is clear that the grade of offense charge is proved, and there is no room for doubt as between it and a lesser grade embraced by statute in the higher, and of course included in the indictment, to charge the law pertaining to such lesser grades would simply tend to confuse and mislead the jury, and often result in verdicts inadequate to the crime actually committed. In applying the rule of this opinion courts will of necessity act with circumspect caution, giving to the accused the full benefit of all the rules of law applicable to the facts developed in the trial of his cause.

When the offense charged is beyond controversy made out and is complete, it is the duty of the court to confine its charge to such case; and so, if the offense must be the one charged or no offense in law, as frequently happens, the charge should be so restricted that the jury may be enabled to decide intelligently the single question presented and not be mystified by abstractions.

In this case it is, as we have seen, conceded that "the evidence warranted a conviction of an aggravated robbery." Under the circumstances, to so interpret the statute as to grant a new trial for the reason assigned, would be little less than mockery in the trial of a criminal cause.

*Id.* at 294-95; *accord State v. Baker*, 325 S.W.2d 5 (Tenn. 1958) (where there is no evidence to support a lesser included offense and that, therefore, the accused can be guilty only of the greater offense or no offense at all, it is not error to refuse to instruct on the lesser included offenses). In *Strader v. State*, 362 S.W.2d 224 (Tenn. 1962), the supreme court reaffirmed the principle rule "that no lesser charge be given where there is *'no evidence'* of such offense." *Id.* at 228 (citing *Good v. State*, 69 Tenn. at 294-96). The issue presented in *Strader*, however, involved the issue of the trial court's duty when the evidence is sufficient to permit an inference of guilt for a lesser offense. The supreme court concluded that the defendant was entitled to the lesser included instruction "because the statute (T.C.A. § 40-2518) gave it to him, and because it was a part of his constitutional right of trial by jury to have every issue made by the evidence tried and determined by the jury under a correct and complete charge of the law[.]" *Id.* at 230. Relying upon other supreme court decisions, the *Strader* court reversed the conviction, not upon constitutional grounds but upon grounds that the defendant was prejudiced by the omission to charge lesser included offenses. *Id.* at 229-30. Following *Strader*, the supreme court continued to adhere to the lesser included principles first announced in *Good*; *accord State v. Whitwell*, 520 S.W.2d 338 (Tenn. 1975) (it is not error to refuse to charge a lesser offense where, under the evidence, defendant can be guilty of the greater offense, or no offense at all); *State v. Johnson*, 531 S.W.2d 558 (Tenn. 1975) (there is no requirement to include such instructions when no evidence at all is offered as to lesser included offenses); *State v. Staggs*, 554 S.W.2d 620 (Tenn. 1977) (Defendant denied constitutional right to have all issues raised by the pleadings submitted to the jury; this not being a proper case for application of the rule of *State*

*v. Johnson*); *State v. Mellons*, 557 S.W.2d 497 (Tenn. 1977) (it is not reversible error to fail to give an instruction on a lesser offense of which there is no evidence in the record); *State v. King*, 718 S.W.2d 241(Tenn. 1986) (where the evidence clearly shows that defendant was guilty of the greater offense, it is not error to fail to charge on a lesser included offense); *State v. Boyd*, 797 S.W.2d 589 (Tenn. 1990) (where the record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, it is not error to fail to charge on a lesser offense); *State v. Stephenson*, 878 S.W.2d 530 (Tenn. 1994) (where the evidence in a record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, the trial court's failure to charge on a lesser offense is not error). In addition, numerous decisions from this court contributed to the body of caselaw on this issue.[1] It is perhaps from this historical backdrop of firmly established case law decisions that have produced varying viewpoints at the trial level.

As noted by the majority's opinion, due to growing concerns, the legislature amended Tennessee Code Annotated section 40-18-110, effective Jan. 1, 2002, providing for waiver of a lesser included offense instruction if not requested by the defendant. "[W]hen considering the constitutionality of a statute, courts have a duty to adopt a construction which will sustain the statute and avoid constitutional conflict if at all possible, and this duty requires courts to indulge every presumption and resolve every doubt in favor of the statute's constitutionality." *State v. Taylor,* 70 S.W.3d 717, 721 (Tenn. 2002). No court has ever held that a constitutional right exists requiring that every crime contain lesser included offenses. Neither has the federal nor this state's constitution declared the existence of a constitutional right to lesser included offenses. *See Keeble v. United States,* 412 U.S. 205, 213, 93 S. Ct. 1993, 1998 (1973). As observed in *State v. Ely*, 48 S.W.3d 710, 727 (Tenn. 2001), the right to a jury instruction on a lesser included offense derives from the defendant's right to trial by jury in order to permit the jury to resolve disputed factual issues raised by the evidence. Thus, the right to a lesser offense is not an independent right; rather, it is a right found only within the framework of a jury instruction within the context of that particular case. As recognized by our legislature in its codification of Tennessee Code Annotated section 40-18-110, the right to a lesser included jury instruction occurs (1) when the record contains any evidence which reasonable minds could accept as to the lesser offense and (2) when a written request for an instruction on such lesser is made. Tenn. Code Ann. § 40-18-110(a). Accordingly, the statutory right to a lesser included instruction preserves the defendant's right to have "every issue made by the evidence determined by the jury" as articulated by *Strader* and endorsed by *Ely*.

As provided by the statute, in order to invoke this right, the defendant must request an instruction of the lesser offense, otherwise the right is waived. The statute in no way impedes upon the defendant's constitutional right to have the jury resolve disputed factual issues. I am unable to conclude that a statute should be declared unconstitutional simply because a defendant chooses to ignore its provisions. It is fundamental that both statutory and constitutional rights of a defendant are subject to waiver. Because the legislature has both the authority to define crimes and to define

---

[1] *See State v. Edward Lee Mooney, Sr.,* No. 02C01-9508-CC-00216 (Tenn. Crim. App. at Jackson, Dec. 20, 1998); *State v. Lewis*, 919 S.W.2d 62 (Tenn. Crim. App. 1995); *State v. Wright*, 618 S.W.2d 310 (Tenn. Crim. App. 1981); *Carmon v. State*, 512 S.W.2d 595 (Tenn. Crim. App. 1974).

lesser included offenses of those crimes, I conclude that the legislature also has the authority to pronounce when these lesser offenses may be procedurally waived  Accordingly, I find the statute as amended constitutional.

Moreover, the Defendant now raises this issue for the first time on appeal.  Thus, it is only reviewable under the doctrine of plain error.  *See* Tenn. R. Crim. P. 52(b); Tenn. R. App. P. 13(b). Two considerations which are utilized in determining whether plain error review should be extended are: (1) whether the accused waived the issue at the trial level for tactical reasons and (2) whether considerations of the error is "necessary to do substantial justice."  *State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (adopting this court's test in *State v. Adkisson,* 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994)).

With regard to the first consideration, the record demonstrates that this was a thoroughly prepared and tried case.  Defendant's trial counsel filed fifty-nine pretrial motions.  At the bench conference involving the discussion of lesser included offenses, no mention was made by the defense team regarding a lesser charge of facilitation.  Counsel on appeal are the same as at trial.  I can only presume that defense counsel were as equally knowledgeable of the law at trial as they were after trial.  From these facts, I am unable to conclude that the decision not to request a charge of facilitation was made for non-tactical reasons.  As can be seen, the determination of whether trial counsel's reasons for requesting no lesser offense were based upon tactical reasons or resulted from deficient performance could best be determined within a post conviction proceeding.  If the post conviction court found deficient performance, further review would be required for a prejudice determination.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

With regard to the second consideration, I also find the evidence supports the jury's verdict. The evidence established that the Defendant beat the victim in the head with a "two by four."  Two witnesses saw the Defendant striking the victim, and the Defendant admitted to being a party to the brutal beating of the victim.  Accordingly, I do not find that the truth-seeking function of the jury trial has been compromised by the failure to charge facilitation as a lesser offense or that a facilitation charge would have changed the outcome of the trial.  To reach any other conclusion would, in effect, promote the practice of "sand bagging" by encouraging trial counsel to not request any lesser offense instructions.  Indeed, it would be argued by some that trial counsel could hardly be faulted for such practice.  By simply remaining silent, a defendant may now hope for a favorable jury verdict and, if unsuccessful, will be afforded a "second bite at the apple" by having the case reversed on appeal when a lesser offense instruction is inadvertently omitted.  No defendant should be rewarded in this fashion.

For the above reasons, I would affirm the conviction.

_____

DAVID G. HAYES, Judge

-4-