# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1998

FILED

December 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9704-CC-00122 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | (Transferred from Giles County) |
| | ) | HON. WILLIAM B. CAIN |
| STEPHEN JOHN ABBOTT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Second Degree Murder (Two |
| | ) | Counts); Attempted First Degree |
| | ) | Murder; and Attempted Second |
| | ) | Degree Murder) |

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur in most of the conclusions reached by the majority. However, I must dissent from the holding of the Court that this case must be reversed for failure of the trial court to instruct the jury with respect to facilitation of a felony.

It is true that in State v. Lewis, 919 S.W.2d 62 (Tenn. Crim. App. 1995); this Court held that virtually everytime an individual is charged with a felony by way of criminal responsibility for the conduct of another, facilitation of the felony would be a lesser included offense. Id. at 67. However, this is not a "blanket rule" and where there is no evidence in the record which would lessen the defendant's culpability from the offense charged there is no requirement that facilitation be charged to the jury. State v. Utley, 928 S.W.2d 448, 452 (Tenn. Crim. App. 1995). Put another way, where the evidence is clear that the defendant is guilty of the offense charged in the indictment or no offense at all,

there is no duty to charge a lesser included or lesser grade of offense. <u>State v. Trusty</u>, 919 S.W.2d 305 (Tenn. 1996).

In the instant case facilitation of a felony is defined at Tennessee Code Annotated Section 39-11-403(a). That section provides that a person is guilty of such facilitation if, <u>"knowing that another intends to commit a specific felony</u>, but without the intent required for criminal responsibility . . . the person <u>knowingly</u> furnishes substantial assistance in the commission of the felony." (emphasis supplied) In the instant case the State's proof showed that the defendant acted in concert with his compatriot, with the intent necessary to establish criminal responsibility for these crimes. On the other hand, the defendant's theory and evidence is to the effect that the defendant did not know or believe his co-defendant, Rouse, intended to commit any crime and that he did not knowingly assist Rouse in the commission of it. The jury clearly rejected the defendant's version of events. I fail to see any evidence in this record from which a juror could conclude that the defendant knew Rouse was going to commit these homicides, did not intend to promote or assist in the commission of the offenses, but nevertheless knowingly did furnish substantial assistance.

Moreover, only recently the Tennessee Supreme Court has decided that even when there is evidence which triggers the requirement for an instruction as to lesser included offenses a failure to so instruct is subject to a harmless error analysis. <u>State v. Willie Williams, Jr.</u>, Hamilton Co., Tn. Sup. Ct. No. 03-S-01-9706-CR-00060 (TN. Sup. Ct. at Knoxville) (Opinion filed Sept. 21, 1998). Therefore, if an appellate court can determine from the verdict actually returned by the jury that it is unlikely the verdict would have been different had the lesser offense instruction, been given, a new trial is not required. <u>Id.</u>

In the instant case the appellant was indicted for two counts of first degree murder and two counts of attempted first degree murder. Although the jury was not instructed on facilitation of a felony, it was given instructions on second degree murder, manslaughter, attempted second degree murder and attempted manslaughter. He was convicted of two counts of second degree murder, one count of attempted second degree murder, and one count of attempted first degree murder. The jury had to have found beyond a reasonable doubt that the defendant knowingly killed two people, knowingly attempted to kill a third, and actually premeditated and deliberated the attempted killing of a fourth. Given, the jury's rejection of any lesser culpability it could have found, and given the fact that on at least one count the jury found the attempted murder to be both premeditated and deliberate, I am convinced any error in declining to charge facilitation would be harmless error. I would affirm the judgment of the trial court.

For the foregoing reasons I concur in part and dissent in part.

_____
JERRY L. SMITH, JUDGE