STATE of Tennessee, Appellant,

v.

Joe L. ANDERSON, Appellee.

Supreme Court of Tennessee,
at Jackson.

Sept. 16, 1996.

Charles W. Burson, Attorney General and Reporter, Michael E. Moore, Solicitor General, Gordon W. Smith, Associate Solicitor General, Eugene J. Honea, Assistant Attorney General, Nashville, Jerry Wallace, Assistant District Attorney, Decaturville, for Appellant.

Richard B. Fields, Memphis, for Appellee.

## OPINION

ANDERSON, Justice.

We granted this appeal to clarify the standards by which courts determine whether a person being questioned by law enforcement officers is "in custody," and therefore entitled to the warnings mandated by *Miranda v.*

*Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In this case, the defendant was indicted for arson after being questioned by an arson investigator and having given a statement. The defendant moved to suppress the statement because no *Miranda* warnings were given. Emphasizing that the defendant "was a suspect at the time of his interrogation" and that the process had "shifted from the investigatory to the accusatory stage," the trial court concluded the defendant was "in custody" at the time of his interrogation and granted the defendant's motion to suppress the statement since no *Miranda* warnings were given. In a split decision, the Court of Criminal Appeals affirmed the suppression of defendant's statement, with the majority concluding that the "focus" of the investigation is relevant to the determination of whether the suspect was "in custody."

We have concluded that in determining whether an individual is "in custody" and entitled to *Miranda* warnings, the relevant inquiry is whether, under the totality of the circumstances, a reasonable person in the suspect's position would consider himself or herself deprived of freedom of movement to a degree associated with a formal arrest. The test is objective from the viewpoint of the suspect, and the unarticulated, subjective view of law enforcement officials that the individual being questioned is or is not a suspect does not bear upon the question. Accordingly, the Court of Criminal Appeals' judgment is reversed, and the cause is remanded to the trial court for application of this standard to the facts in this case.

### BACKGROUND

The defendant, Joe Anderson, was indicted for arson on February 15, 1993, along with co-defendant, David Hudgens. Anderson filed a pretrial motion to suppress a statement he had made to an arson investigator on February 2, 1993. A hearing was held on the motion, and the proof is summarized as follows:

Early in the arson investigation, co-defendant Hudgens gave a statement to Johnny Hayes, the arson investigator from the State Fire Marshall's office, which implicated the defendant. Thereafter, the State Fire Marshall's office wired Hudgens in an attempt to elicit an incriminating statement from Anderson. That attempt failed.

On February 2, 1993, Hayes went to Anderson's home and asked Anderson to come to the sheriff's office to give a statement. Anderson agreed and, accompanied by his wife, he drove himself to the sheriff's office. While his wife waited in the front of the building, Anderson was taken into an office and questioned by Hayes. Investigator Pollard of the Fire Marshall's office and John Martin of the Sheriff's office were also present during the questioning. Hayes advised Anderson that he was not under arrest and that he could leave at any time, but he did not advise Anderson of his *Miranda* rights before talking with him. Anderson at no time attempted to leave or requested an attorney. He gave a statement which was reduced to writing by Hayes, and signed by Anderson after he reviewed it for mistakes. After advising Anderson that criminal charges might be brought against him at a later date, Hayes said he told Anderson that he and his wife were free to leave.

In response to questioning from the trial court, Hayes stated that arson investigators considered Anderson a suspect at the time of his interrogation, but they did not inform Anderson of their belief. A warrant for Anderson's arrest was issued on February 5, 1993, three days after the interview occurred.

Based upon the above evidence, the trial court sustained Anderson's motion to suppress, holding that the defendant was clearly "a suspect at the time of his interrogation and the process had shifted from the investigatory to the accusatory stage."

In a split decision, the Court of Criminal Appeals affirmed. Special Judge Gasaway wrote the lead opinion, which concluded that *Miranda* warnings are required when "the fine line of distinction between the investigatory stage and the accusatory stage has been crossed." Then Judge White concurred in the result suppressing the statement but concluded that the progress of the investigation is not determinative, and is only one of the factors to consider in determining whether,

under the totality of the circumstances, a person is "in custody." Judge Hayes dissented, stating that the determination of whether a person is "in custody" does not turn upon whether the person was the "focus" of a criminal investigation, but is to be determined by inquiring whether, under the totality of the circumstances, a reasonable person in the suspect's position would have felt deprived of his or her freedom of movement to a degree associated with a formal arrest. Applying that standard, Judge Hayes concluded that Anderson was not in custody when he gave the statement.

We granted the State's application for permission to appeal to clarify the standard by which courts determine whether a person being questioned by law enforcement officers is "in custody," and entitled to *Miranda* warnings. For the reasons that follow, we reverse the Court of Criminal Appeals' decision.

### CUSTODY

In this Court, the State argues that the trial court and the Court of Criminal Appeals erred in relying upon the "focus" test to determine whether Anderson was in custody. The State asserts that the "focus" test has been abandoned by recent United States Supreme Court cases, as well as decisions of this Court.

The defendant, Anderson, argues that under *State v. Morris*, 224 Tenn. 437, 456 S.W.2d 840 (1970), a State Supreme Court decision which has not been overruled, the progress of the investigation at the time of the interrogation is an appropriate factor to consider when determining whether a person is in custody and entitled to *Miranda* warnings.

■ We begin our analysis of this issue with *Miranda*, in which the United States Supreme Court held that a defendant's statements made during the course of custodial police interrogation are inadmissible as evidence in a criminal case unless the State establishes that the defendant was advised of certain constitutional rights and waived those rights. Prior to custodial interrogation, *Miranda* requires that the police inform the person being questioned that (a) he has the right to remain silent; (b) any statement made may be used against him; (c) he has the right to the presence of an attorney; and (d) if he can not afford an attorney, one will be appointed for him prior to questioning, if he so desires. *Id.*, 384 U.S. at 444, 86 S.Ct. at 1612.

"Custodial interrogation" was defined by the *Miranda* Court as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612.

After the *Miranda* decision in 1966, many courts had difficulty discerning whether specific factual scenarios fell within those broad general definitions. To facilitate the determination, courts began to enumerate factors to aid in the assessment. For example, this Court in 1970 in *Morris* stated that courts generally must consider the totality of the circumstances in deciding whether a person is subjected to "custodial interrogation," and listed five factors it considered pertinent to the question:

1. The nature of the interrogator.
2. The nature of the suspect.
3. The time and place of the interrogation.
4. The nature of the interrogation.
5. The progress of the investigation at the time of the interrogation.

*Morris*, 456 S.W.2d at 842. In deciding to suppress the statements in this case, the trial court and the Court of Criminal Appeals focused on the last factor mentioned in *Morris*—the progress of the investigation at the time of the interrogation. In recent years, however, that factor has been rejected by both the United States Supreme Court and this Court.

For example, the United States Supreme Court emphasized that *Miranda* implicitly defined "focus," for its purposes, as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612. The Supreme Court

has refused to accept the notion that a person is "in custody" merely because the person was a suspect when interviewed by law enforcement officials. *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). Instead, in *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983), the United States Supreme Court articulated a more precise standard by stating that a person is in custody for purposes of *Miranda,* only if there has been "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."

Later, in *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984), the United States Supreme Court stated that whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." The reasonable person test is appropriate, since, unlike a subjective test, it "is not solely dependent either on the self-serving declarations of the police officers or the defendant nor does it place upon the police the burden of anticipating the frailties or idiosyncracies of every person whom they question." *Berkemer,* 468 U.S. at 442, n. 35, 104 S.Ct. at 3151, n. 35 (quoting *People v. P.,* 21 N.Y.2d 1, 286 N.Y.S.2d 225, 233, 233 N.E.2d 255, 260 (1967)).

The reasonable person objective test was further explained, and the "focus" factor completely abolished, by the United States Supreme Court in the recent case of *Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).

In *Stansbury,* the Supreme Court reiterated that "the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." In evaluating that inquiry, courts must consider the totality of the objective circumstances surrounding the interrogation, "not the subjective views harbored by either the interrogating officers or the person being questioned." *Id.,* 511 U.S. at 322–23, 114 S.Ct. at 1529.

The Court emphasized that "[o]ur cases make clear, in no uncertain terms, that any inquiry into whether the interrogating officers have focused their suspicions upon the individual being questioned (assuming those suspicions remain undisclosed) is not relevant for purposes of *Miranda.*" The Court explained that

an officer's views concerning the nature of an interrogation, or beliefs concerning the potential culpability of the individual being questioned may be one among many factors that bear upon the assessment whether that individual was in custody, **but only if the officer's views or beliefs were somehow manifested to the individual under interrogation and would have affected how a reasonable person in that position would perceive his or her freedom to leave.**

*Stansbury,* 511 U.S. at 325, 114 S.Ct. at 1530 (emphasis added).

Likewise, recent decisions of this Court on the subject, though not explicitly overruling the 1970 *Morris* case, have recognized that the focus factor has been explicitly repudiated by the United States Supreme Court as a basis for determining whether a person is "in custody" and entitled to *Miranda* warnings prior to interrogation. *See State v. Smith,* 868 S.W.2d 561, 569–571 (Tenn.1993); *State v. Brown,* 836 S.W.2d 530 (Tenn.1992); *see also State v. Cooper,* 912 S.W.2d 756 (Tenn. Crim.App.1995). Although lip service has been paid in some past appellate decisions in this State to the continuing viability of the focus factor, in reality that factor has not been relevant to the assessment of whether a person is in custody since the United States Supreme Court's decision in *Beckwith* in 1976. Accordingly, to the extent that *Morris* or any other decisions hold or indicate that the focus or progress of the investigation factor is relevant to the determination of whether a person is in custody and entitled to *Miranda* warnings, they are overruled. *See, e.g., State v. Hartman,* 703 S.W.2d 106, 120 (Tenn.1985).[1]

---

**1.** In *Stansbury,* the United States Supreme Court characterized the "focus" analysis in *Hartman,* as "incorrect."

Having determined that the focus or progress of the investigation is not relevant to determine whether a person is in custody, we deem it necessary to briefly delineate some of the factors that are pertinent to the inquiry. Again, we emphasize that the test is whether, under the totality of the circumstances, a reasonable person in the suspect's position would consider himself or herself deprived of freedom of movement to a degree associated with a formal arrest.

 Some factors relevant to that objective assessment include the time and location of the interrogation; the duration and character of the questioning; the officer's tone of voice and general demeanor; the suspect's method of transportation to the place of questioning; the number of police officers present; any limitation on movement or other form of restraint imposed on the suspect during the interrogation; any interactions between the officer and the suspect, including the words spoken by the officer to the suspect, and the suspect's verbal or nonverbal responses; the extent to which the suspect is confronted with the law enforcement officer's suspicions of guilt or evidence of guilt; and finally, the extent to which the suspect is made aware that he or she is free to refrain from answering questions or to end the interview at will. *See, e.g., People v. Dracon,* 884 P.2d 712 (Colo.1994); *Landreth v. State,* 600 So.2d 440 (Ala.Cr.App.1992); *People v. Goyer,* 265 Ill.App.3d 160, 202 Ill. Dec. 744, 638 N.E.2d 390 (1994); *State v. Mortley,* 532 N.W.2d 498 (Iowa App.1995); *United States v. Fike,* 82 F.3d 1315 (5th Cir.1996); *United States v. Griffin,* 7 F.3d 1512 (10th Cir.1993) (citing cases). The listed factors are by no means exclusive. The totality of the circumstances surrounding each interrogation must be closely examined when evaluating whether an individual is in custody for purposes of *Miranda.* It is a very fact specific inquiry. Application of the appropriate, relevant factors to the facts is a task for which the trial court is especially suited.

In reaching the conclusion that Anderson was in custody, both the trial court and the Court of Criminal Appeals' majority emphasized the "focus of the investigation" factor, which is irrelevant in this case since the law enforcement officials never communicated their suspicions to Anderson. We, therefore, reverse the Court of Criminal Appeals' judgment.

Because the "in custody" determination is so fact specific and the factual record was not developed with the new standard in mind, we remand to the trial court for reconsideration of Anderson's motion to suppress in accordance with the standard discussed herein and the facts to be developed in the trial court.

## CONCLUSION

 Accordingly, we hold that the appropriate inquiry in determining whether an individual is "in custody" and entitled to *Miranda* warnings is whether, under the totality of the circumstances, a reasonable person in the suspect's position would consider himself or herself deprived of freedom of movement to a degree associated with a formal arrest. The test is objective from the viewpoint of the suspect, and the unarticulated, subjective view of law enforcement officials that the individual being questioned is or is not a suspect does not bear upon the question. Accordingly, the Court of Criminal Appeals' judgment is reversed, and the cause is remanded to the trial court for application of the standard to the facts to be developed in this case. Costs of this appeal are taxed to the defendant, Joe L. Anderson, for which execution may issue.

BIRCH, C.J., and DROWOTA and REID, JJ., concur.

WHITE, J., not participating.