IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 7, 2008

## HENRY FORD WILLIAMS, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Robertson County**
**No. 00-0150      Dee David Gay, Judge**

_____

**No. M2007-02070-CCA-R3-PC - Filed December 19, 2008**

_____

The petitioner, Henry Ford Williams, Jr., appeals from the denial of his 2006 petition for post-conviction relief, which challenged his 2002 convictions of possession with the intent to sell .5 grams or more of cocaine within 1,000 feet of a school zone and of simple possession of cocaine. He asserts that he was denied the effective assistance of counsel at trial and that he was denied due process because the jury pool was racially imbalanced. Finding that the petitioner has failed to show by clear and convincing evidence that counsel was ineffective and that the petitioner has waived his due process claim, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Joe R. Johnson, Springfield, Tennessee, for the appellant, Henry Ford Williams, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dent Morriss, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 19, 2002, a Robertson County Circuit Court jury convicted the petitioner of possession with the intent to sell .5 grams or more of cocaine, a Schedule II drug, within 1,000 feet of a school zone and of simple possession of cocaine. The petitioner also pled guilty to the unlawful possession of a firearm in connection with the illegal drug charges. The trial court merged the illegal drug convictions and imposed an effective sentence of 32.5 years as a Range II offender to be served concurrently with a three-year sentence for the unlawful firearm conviction. *See State v. Henry Ford Williams, Jr.*, No. M2003-00515-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Nashville, May 8, 2005), *perm. app. denied* (Tenn. 2005). The petitioner filed a timely appeal to this court, and we affirmed the convictions and sentences. *Id.* Following the denial of his application

for permission to appeal to our supreme court on August 22, 2005, the petitioner filed a timely petition for post-conviction relief, mounting a two-issue challenge to his convictions. The trial court found the petitioner's claims colorable and appointed counsel, who subsequently amended the post-conviction petition to state additional claims.

The evidence, as summarized by this court on direct appeal, established that Officer Kyle Reeves of the Springfield Police Department executed a search warrant on the petitioner's residence, located within 1,000 feet of a school zone, on February 9, 2000. *Id.* "Officer Reeves found a hand-rolled cigarette which appeared to be marijuana. Crack cocaine was found in the fireplace, on the hearth, and underneath cushions in the sofa." *Id.* The police officers found "a security wand, a sawed-off shotgun, and $97 in cash." *Id.* One week later, in an "unrelated incident," the petitioner told Officer Reeves, "'Everybody knows I sell dope, but I don't ever keep any more on me than I can get rid of before y'all come in.'" *Id.*, slip op. at 2. Other police officers also testified that they "overheard the defendant acknowledge that he sold illegal drugs." *Id.*

The Tennessee Bureau of Investigation crime laboratory "confirmed that the substance discovered at the defendant's residence was cocaine," and the weight of the cocaine, which "included 'crumbs' and possibly cocaine residue," totaled .57 grams. *Id.*

The petitioner testified on his own behalf and "claimed that the cocaine found at his residence was for his personal use, not for resale." *Id.*

The petitioner filed a timely petition for post-conviction relief on January 25, 2006, alleging ineffective assistance of counsel, claiming specifically that "trial counsel was ineffective for failing to object and preserve a [*Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986)] violation" and that "trial counsel failed to seek the identity of the confidential informant that was listed in the search warrant." Appointed post-conviction counsel filed an amended petition for post-conviction relief on July 20, 2007, reiterating the petitioner's original claims and adding as additional grounds for relief that "trial counsel was ineffective in that no Motion to Suppress was ever filed on behalf of the [petitioner]" and that the petitioner "was denied a jury of his peers, as his jury was all-white, and [petitioner] is African-American."[1]

In the July 24, 2007 evidentiary hearing, the petitioner testified, "I feel that jurors that were African American were systemically excluded by the District Attorney's Office, and I felt that [trial counsel] did not object to none of this for the record . . . ." He testified that he remembered only one African-American juror in the jury pool of approximately 50 potential jurors, a proportion that he believed was unrepresentative of the population makeup of Robertson County. In the hearing, the post-conviction court did not evaluate this claim as an ineffective assistance of counsel

---

[1]The amended petition also alleged that "the conviction is unlawful in that the jury failed to separate the weights of the 'casual exchange' cocaine and the 'possession for resale' cocaine. . . . The trial court improperly merged the two counts together, thus equating an amount of cocaine over 0.5 grams." The trial court noted that this issue was previously determined by the Court of Criminal Appeals and denied relief. *See* T.C.A. § 40-30-108(c)(6) (2006). The petitioner does not appeal this issue.

claim for failing to make a *Batson* objection, but rather it evaluated it as a claim that the racial makeup of the jury violated his right to due process. The petitioner agreed that, in his petition, he objected to "a way that the system . . . in Robertson County systematically excluded certain people of certain races."

Wanda Vaden, who had served as deputy clerk of the court for 44 years, testified about the manner in which jurors had been selected in Robertson County. She testified that potential jurors were drawn from a list of people, provided by the Tennessee Department of Safety, who had drivers' licences and state identification cards, and she agreed that this method "appear[ed] to be used pretty widely across the state." She testified that the system had no way of discriminating against any "particular recognizable group" and that the system had been challenged before and had never been deemed unconstitutional. She testified that the number of minorities represented in a jury pool oscillated from month to month depending on "a random drawing."

The petitioner also complained that trial counsel was ineffective. First, he posited that trial counsel failed to seek the identity of the confidential informants relied upon in the February 9, 2000 search warrant that ultimately lead to the search of petitioner's home and his arrest. He testified, "[M]y understanding of the [C]onstitution of the United States of America is that I have got the right to meet my accuser." He also claimed that his trial counsel was ineffective because trial counsel only met with the petitioner one time prior to his trial. Lastly, the petitioner stated that trial counsel was ineffective in failing to seek suppression of his statements made to law enforcement officers regarding his dealing illegal drugs. He testified that trial counsel informed him that the officers' statements would be mentioned in trial, but the issue of suppression was "never discussed."

The petitioner's trial counsel testified that he had practiced law for almost 18 years, that he was licenced to practice law in both Tennessee and Kentucky, and that approximately 80 percent of his practice was devoted to criminal law. He stated that he served as a prosecutor for three years and that he had participated in approximately 110 trials. According to his request for compensation, he spent 8.4 hours in court and 28.8 hours in preparation for the petitioner's trial. He testified that his records reflected that he met with the petitioner three times in preparation for trial.

Counsel stated that he did not seek the identity of any confidential informants because he did not believe they would be "material witnesses to the crime charged when the search warrant itself was executed on [the petitioner's house]." Further, he testified that he did not believe the informants would aid the petitioner in his defense because the warrant indicated that the informants had witnessed the petitioner selling drugs. He testified that such information "would tend to corroborate the State's theory that the drugs there were there to be sold and not for personal use" and could be potentially harmful to the petitioner's defense.

Counsel stated that he did not move to suppress the statements that the petitioner made to police because they were "not suppressible." He testified that to his understanding the defendant made these statements to the police officers during a conversation while he was neither in custody nor under interrogation. Although the officers' testimony about these statements could

have been hearsay, counsel testified that the statements would be permitted under "the party opponent exception."

As to the petitioner's complaint about the racial makeup of the jury, counsel testified that he did not recall any *Batson* violations and agreed that "[h]ad it been a matter that concerned him" he would have raised such concern with the trial court. His testimony indicated that jury selection was not a "hotly contended issue" in the trial.

The post-conviction court filed a written order denying post-conviction relief on August 7, 2007. As to the petitioner's claim that counsel's performance was deficient in failing to obtain the identity of the confidential informants listed in the warrant, the post-conviction court noted that "these informants were present when drug activity took place at [p]eitioner's residence and [p]etitioner was identified in the affidavit as participating in the sale of cocaine from that residence." The court also noted that "the law is clear that identity of confidential informants need not be revealed unless they had been witnesses at the execution of the search warrant at [p]etitioner's residence or they had been material to the [p]etitioner's defense." The court accredited counsel's testimony that the identity of the informants would have been prejudicial to petitioner's defense and the disclosure of the informants was not required under law.

The post-conviction court also accredited counsel's testimony that he had no grounds on which to object to police officers' testimony repeating the petitioner's statements that he sold illegal drugs. The court noted, "There was clearly no reason to file a motion to suppress this statement." The court concluded that the petitioner had not proved by clear and convincing evidence that counsel was ineffective as to this issue. The post-conviction court also noted that "Motions to Suppress had been filed and denied when [p]etitioner was represented by the Public Defender's office."

The post-conviction court further accredited Ms. Vaden's testimony that Robertson County's method of selecting jury pools did not violate the petitioner's due process rights. The court ruled that "[t]his ground was not proved by clear or convincing evidence."

The petitioner filed a timely appeal to this court following the denial of relief. In this appeal, he narrows his claims to the ineffective assistance of counsel and the denial of due process due to the racial makeup of the jury.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

*I. Ineffective Assistance of Counsel*

The petitioner contends that his trial counsel was ineffective by failing to adequately meet with the petitioner to develop a defense, by failing to move to suppress the statements made by the petitioner to law enforcement officers, and by failing to seek the identity of the confidential informants mentioned in the search warrant.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). The error must be so serious as to render an unreliable result. *Id.* at 687, 104 S. Ct. at 2064. It is not necessary, however, that absent the deficiency, the trial would have resulted in an acquittal. *Id.* at 695, 104 S. Ct. at 2068. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

*Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

The petitioner first argues that, "[r]egardless of whether [counsel met with petitioner] one or three times, this matter resulted in [the petitioner] being sentenced to 32.5 years in prison [sic]." His sole argument on appeal is that, "It is difficult to imagine how an attorney can be fully

prepared in a serious drug case such as this with only a handful of visits to the client." This argument fails to address whether counsel performed below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Further, the petitioner has failed to show how he suffered prejudice as a result of counsel only meeting him "a handful" of times. He cites to no instances during the trial proceedings that suggest that counsel's failure to meet with him on more occasions affected his representation. Nothing in the record shows that defense counsel was ill-prepared or that further meetings with the petitioner would have improved his performance. Because the petitioner has failed to show any factor required in seeking post-conviction relief on this issue, the claim of inadequate preparation is unfounded.

Next, the petitioner argues counsel "was ineffective in not attempting to suppress statements made by [the petitioner] to police officer Kyle Reeves" and maintains that "[t]his testimony directly contradicted [the petitioner's] entire case theory, yet [counsel] did not move to suppress the statement." However, trial counsel testified, and the post-conviction court agreed, that said statements were not subject to suppression. We agree.

Counsel testified that the only conceivable motion to suppress would be based on the fact that the petitioner was not apprised of his *Miranda* warnings before making to Officer Reeves the statement, "'Everybody knows I sell dope, but I don't ever keep any more on me than I can get rid of before y'all come in.'" *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Counsel testified that these statements were not made while the petitioner was under custodial investigation; therefore, the evidence was not inadmissible. The court agreed, and we will not disturb the finding of the post-conviction court.

The evidence showed that the disputed statement was made to Officer Reeves during an encounter that took place more than a week after the execution of the February 9, 2000 search warrant and that the statement was unsolicited by Officer Reeves. In determining whether *Miranda* warnings are required, the court must look to whether the defendant was "in custody" at the time he made the incriminating statement. *State v. Anderson*, 937 S.W.2d 851, 853 (Tenn. 1996). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612. The post-conviction court, in its written order denying post-conviction relief aptly noted:

> The trial transcript . . . clearly reveals that these statements made by the Petitioner eight days after the execution of the search warrant at his residence were volunteered and [p]etitioner was not in custody and there was no interrogation. [Defense counsel] testified that he made no objection to this evidence as [p]etitioner was not in custody and being interrogated. There was clearly no reason to file a motion to suppress this statement.

-6-

Upon review, the trial court properly ruled that the defendant failed to meet the burden required to show that counsel's failure to file a motion to suppress was deficient or prejudicial.

Lastly, the petitioner contends that counsel was ineffective in deciding "not to file a motion seeking the identity of the confidential informant mentioned in the search warrant." He loosely cites as authority that "[t]he United States Constitution guarantees any Defendant in a criminal case the right to confront their accusers," and he maintains that a confidential informant is an "accuser."

The post-conviction court noted that "the law is clear that identity of confidential informants need not be revealed unless they had been witnesses at the execution of the search warrant at [p]etitioner's residence or they had been material to the [p]etitioner's defense." Indeed, our supreme court has determined that the identity of a confidential informant is generally privileged from discovery. *House v. State*, 44 S.W.3d 508, 512 (Tenn. 2001). The petitioner's brief suggests that he desires discovery of the confidential informant because "[w]ithout the search warrant there would be no case against [the petitioner]." However, such disclosure shall be denied when a defendant's sole purpose of discovering a confidential informant's identity is to challenge the validity of a search warrant. *See State v. Vanderford*, 980 S.W.2d 390, 395-96 (Tenn. Crim. App. 1997).

The petitioner cannot show that counsel's failure to procure the identity of any confidential informants listed in the search warrant was deficient performance or prejudicial because the petitioner was not entitled to such information. Further, we will not disturb counsel's tactical decision not to pursue such information because any informants' testimony would likely have damaged the petitioner's case.

*II. Jury's Racial Makeup as a Due Process Violation*

The petitioner argues that the racial makeup of the jury that convicted him violated his due process rights, citing *Whitus v. Georgia*, 385 U.S. 545, 87 S. Ct. 643 (1967) and *State v. Mann*, 959 S.W.2d 503 (Tenn. 1997). His brief states,

> In determining whether, pursuant to the Sixth and Fourteenth Amendments, a jury was properly selected from a fair cross-section of the community, courts utilize the following test:
> > (1) that the group alleged to be excluded is a "distinctive" group in the community;
> > (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
> > (3) that this process of under representation is due to the systmatic [sic] exclusion of this group in the jury-selection process.

The petitioner suggests that, because he is African American and only one potential juror in the jury pool was African American, Robertson County's method of selecting potential jurors was unconstitutional. The State argues that because the petitioner failed to raise this issue at trial or direct appeal, the issue is waived for purposes of post-conviction relief. *See* T.C.A. § 40-30-106(g). We agree with the State that the issue is waived.

Code section 40-30-106(g) states in pertinent part, "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g). The petitioner had an opportunity to object to the racial makeup of the jury at trial and on direct appeal; however, he failed to make such objections. We hold that the petitioner has waived this issue and affirm the post-conviction court's order denying relief on this ground.

### III. Conclusion

Because the petitioner has failed to establish by clear and convincing evidence that his counsel performed deficiently, he is not entitled to post-conviction relief on his claim of ineffective assistance of counsel. Because the petitioner's claim of a violation of his due process rights due to the racial makeup of the jury was not presented at trial or on direct appeal, this claim has been waived. Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE